1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ALEX MEDINA,

11              Plaintiff,                    No. 2: 11-cv-0857 KJN P

12        vs.

13   M. McDONALD, et al.,

14              Defendants.              ORDER

15   _____/

16              Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief

17   pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to

18   28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1)

19   and Local Rule 302.

20              Plaintiff has submitted a declaration that makes the showing required by

21   28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22              Plaintiff is required to pay the statutory filing fee of $350.00 for this action.

23   28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing

24   fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court

25   will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison

26   trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to

1

make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual

1    allegations sufficient "to raise a right to relief above the speculative level." Id.  However,

2    "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair

3    notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551

4    U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal

5    quotations marks omitted).  In reviewing a complaint under this standard, the court must accept

6    as true the allegations of the complaint in question,  id., and construe the pleading in the light

7    most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

8            Named as defendants are Warden McDonald and Matthew Cate, Director of the

9    California Department of Corrections and Rehabilitation.  Plaintiff alleges that he was

10   wrongfully validated as a gang associate. The complaint contains no specific allegations against

11   either defendant.  Plaintiff seeks injunctive relief only.

12           While an individual capacity defendant is named based on what that individual

13   did or did not do, an official capacity defendant is named as a way of pleading a claim against a

14   governmental entity represented, for purposes of the lawsuit, by a defendant appearing ex officio

15   (by virtue of the "office" the person holds).  Hafer v. Melo, 502 U.S. 21, 25 (1991); Kentucky v.

16   Graham, 473 U.S. 159, 165-66 (1985); Monell v. Department of Social Services, 436 U.S. 659,

17   690 n. 55 (1978).  Under § 1983, a plaintiff cannot sue an official capacity defendant simply

18   because the governmental entity represented by the official capacity defendant employed a person

19   who allegedly violated the plaintiff's rights.  Los Angeles County, Cal. v. Humphries, 2010 WL

20   4823681, at *1 (U.S. Nov.30, 2010) (citing Monell, 436 U.S. at 691).  Instead, on a civil rights

21   claim against a governmental entity such as a county a plaintiff must show that a policy or

22   custom of the entity caused the civil rights violation.  Board of County Commissioners of Bryan

23   County v. Brown, 520 U.S. 383, 407-08 (1997); Hafer, 502 U.S. at 26; Graham, 473 U.S. at 166;

24   Monell, 436 U.S. at 691.

25           Plaintiff is suing defendants McDonald and Cate in their officials capacities as he

26   seeks injunctive relief only.  As such, plaintiff is really suing a state entity, presumably the State

3

of California.  However, plaintiff does not claim that his allegedly improper gang validation was a result of a state policy or custom.  For this reason, the complaint is dismissed with leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is hereby informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently

1    herewith.

2           3.  Plaintiff's complaint is dismissed.

3           4.  Within thirty days from the date of this order, plaintiff shall complete the

4    attached Notice of Amendment and submit the following documents to the court:

5                  a.  The completed Notice of Amendment; and

6                  b.  An original and one copy of the Amended Complaint.

7    Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

8    Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

9    also bear the docket number assigned to this case and must be labeled "Amended Complaint."

10   Failure to file an amended complaint in accordance with this order may result in the dismissal of

11   this action.

12   DATED:  March 31, 2011

13

14

15                                      KENDALL J. NEWMAN
                                        UNITED STATES MAGISTRATE JUDGE

16   med857.14

17

18

19

20

21

22

23

24

25

26

1
2
3
4
5
6
7
8              IN THE UNITED STATES DISTRICT COURT
9           FOR THE EASTERN DISTRICT OF CALIFORNIA
10  ALEX MEDINA,
11              Plaintiff,                    No. 2: 11-cv-0857 KJN P
12       vs.
13  M. McDONALD, et al.,                      NOTICE OF AMENDMENT
14              Defendants.
15  _____/
16          Plaintiff hereby submits the following document in compliance with the court's
17  order filed _____:
18          _____      Amended Complaint
19  DATED:
20
21                                        _____
22                                        Plaintiff
23
24
25
26

6